There are two components to the Harris case that I will talk about. One addresses the motion to supplement that was filed by the defendant in this case. The second addresses the substantive issue that was raised, and it's actually being raised in the context of an order from this court. I want to talk about that a little bit more. It's probably important, I guess, to frame the timeline of this case. The defendant had filed a 2-1401 petition. He had been convicted of murder. The circuit court dismissed this petition on motion of the state on July 7, 2006. Defendant by counsel filed on the 28th of July, July 7th. So on July 28th, defendant by counsel filed a notice of appeal. Subsequent to that, either on August 6th or August 10th, and we'll discuss that in a moment, the defendant had filed a pro se motion to vacate or reconsider. It was the position of the defendant, it is the position of the defendant that the motion to vacate trumps the earlier filed motion, our notice of appeal, and therefore the remedy requested by the defendant is that this appeal be dismissed and the cause be remanded for a hearing on the defendant's motion to reconsider. I'm going to talk about, perhaps, maybe, well, no. I'll start with the motion to supplement the remedy. During, after the notice of appeal was filed, and at some point subsequent to this court issuing an order directing the parties to brief an issue with regards to a certificate filed by the defendant. Okay, let me back up a little bit. What happened was that the circuit court received the notice, excuse me, the motion to vacate or reconsider on August 10th. That was the filing date. Attached to the motion was a certificate of service prepared by the defendant, which is discussed in the briefs and also in the court's orders laid out as well, which claims that he put it in the prison mail system in Menard on August 10th. Based upon the computation of the time periods for which this motion had to be filed in order to divest that, in order to have any sort of legal operative effect with regards to the notice of appeal, it would have had to have been actually filed in the circuit court in the eighth day of August. So, it's obviously a matter of some consequence whether the mail office ruled type of date August 6th was going to apply or is it going to be August 10th. The defendant's position had been, has been, that the August 6th date should apply because of the certificate. The state's position is that the certificate had no operation because the defendant was required in the Supreme Court Rule 12-B-3 to file an affidavit, which he did not do. Having set it up that way, after this court issued this order directing the parties to discuss the operation of the certificate that was filed with the defendant, this motion to reconsider, the defendant filed a motion to supplement the record with an affidavit. The affidavit by the defendant would be, you know, if it had been filed at the time of the defendant's pleading to reconsider, it would have been sufficient under Rule 12-B-3 to essentially set August 6th as the date to file and therefore there would be no problem. We objected, but unfortunately because I miscounted on the calendar, my objection was delayed and was stricken. I did, however, address it in my brief and I do ask this court to consider my arguments in opposition to the motion to supplement the record. Motion to supplement records are governed by Supreme Court Rule 329. A record on appeal is considered to be true and accurate. However, the record may be supplemented with material that could be established that there are material omissions in the accuracies or there is improper authentication, which can be corrected by a court, including a court of review. It's our position that this affidavit does not qualify as a proper document for supplementation. It's not something that was omitted or reflects an inaccuracy at the lower court level. It's actually a proactive attempt to insert into this record a new act, a new document, a new something of legal consequence that was not omitted at the circuit court level. It was omitted only to the extent that he kind of wished he'd done it before, but that's not an omission. An omission is meant to essentially round out a complete record so that the court of review is presented with the proper record of appeal. The Supreme Court Rule 12 requires that if a person other than an attorney serves by mail, that it be proved by affidavit. Correct. But there's nothing in the rule that says the affidavit has to be filed contemporaneously with the document. That's correct, and I do sort of obliquely talk about that in the brief. I don't know the answer to that. It doesn't say that. And, of course, a lot of my argument is premised on the strict interpretation of the rule. So I think I probably mentioned it more in the sense that it seems logical for an affidavit, which is by verification, be contemporaneous with it because it reflects the date that this was actually done rather than something done a year later. I'll concede, Your Honor, if it helps, that if this court allows this affidavit, it probably should be the end of the case. All right, but then let's say the affidavit would have came a day later than the document. It wouldn't really matter, I don't think. Like I said, there's an argument to be made because I have a little problem with an affidavit appearing at this particular juncture of the case, apparently only in respect to the state's objections and the court's order. But to make it plain, I guess, if the court allows this supplementation, I think it would probably be the correct result to remand this because I think that that supplement essentially satisfies the affidavit. But, of course, it's our position that this request should not be granted because we don't believe that this is actually a proper document for supplementation. It's actually more in the nature of an augmentation in order to satisfy a jurisdictional prerequisite. We don't think that that is a proper method under Rule 329. So if there's any questions on that regard, I'll move on to the court's order itself. On the 17th day of October 2008, the defendant had filed a motion for some relief. The state had objected. The court issued an order essentially laying out the respective positions of the party, noting the certificate filed by the defendant that was attached to his motion to reconsider. After laying out the fact that the mailbox rule didn't help and that the Supreme Court Rule 373, the certificate of mailing, was not in this case, it reduced this case to really the question of whether or not the August 6, 2006 proof of service comports with Rule 12b3. In this order, this court stated as follows. Under Supreme Court Rule 12b3, proof of service may be established by a certificate of the attorney or by affidavit of a person other than the attorney. By submitting a motion pro se, defendant is arguably acting as attorney in fact. As such, he may establish proof of service by a certificate in the manner of any other attorney. Having laid out this, I guess, legal conclusion, the order concludes by stating that the parties are, shall be and are directed to brief the issue of whether the proof of service accompanying the defendant's motion to vacate satisfies the requirements of verification by certification under Section 1-109 of the Civil Practice Law. Well, the problem that we have with this is that it assumes as a matter of, I guess, legal conclusion that the defendant is an attorney in fact, which is apparently the equivalent of an attorney under 12b3 and therefore is not obligated to file an affidavit, but in fact can just proceed by way of certification. Naturally, we dispute that conclusion. We really ground our argument in there regarding the plain reading of 12b3, and I argue that in conjunction with I think it was Rule 137 which talks about people represented by attorneys and not represented by attorneys and how the pleadings are going to be signed and prepared. But the rule itself, and we argue this because Supreme Court rules are considered in the same manner as any statute, I'm going to run out of time so I'll go real quick, that the rule 12b3 distinguishes between attorneys and non-attorneys. It talks about the attorney and the non-attorney. There's no such creature in the rules as an attorney in fact. There's no authority in this court's order which establishes such a thing. In fact, it doesn't really follow because an attorney in fact is sort of a term of art for a person who is designated by someone else as a power of attorney to do a legal act on behalf of someone else. So let's go ahead and read the questions. I've got a little question. If People v. Harris that Justice Goldenhurst wrote in the Supreme Court allowed the state to file, or gave them the leave to file a 651 certificate, which to me indicated they were putting a document in the file that didn't exist and the court didn't review it, but then you made that distinction that that wasn't jurisdictional. So is that that hitch here on the jurisdictional part of it? Part of it. The second part that I would hinge on is the fact that the 651c and the certificate of impairment, which I think are the two exemplars offered by the defendant, are distinguishable in the fact that they're reflective of action that occurred at the circuit court level and therefore complete the record. In other words, 651c certificate says I consulted with the defendant, I reviewed the record, I did this, I did that. So the certificate doesn't augment the record. It only completes the record because it shows that he complied with the requirements before the circuit court to undertake the actions that he required to as post-conviction counsel. The same with the certificate of impairment, that's where the state has made this judgment at the circuit court level, and it's really just a reflection of a status that already existed at the time that the notice of appeal was filed that the state believed it could go forward with this. I think the distinction is that in this case, it is an act which was not reflective of anything that ever happened in this case before because the defendant has never averted to anything. Excuse me, it made an affidavit on the penalty of perjury. Wouldn't he be saying this is what I did before? No, I disagree with that. I mailed it on such and such date, I swear I did. No, because I do think it is not, it is a, doing the affidavit is an act independent of anything that he's done before. It's not a reflection of a mental state, it's a reflection of something that has occurred before. The 651C, if I'm an attorney and I represent a defendant, okay, in a post-conviction proceeding, and I have consulted with him about a case, okay, or his argument, I include my rule 651C certificate, but I forget to put that particular element of the certificate requirement in there. That's an omission of something that has occurred. This is a new independent act that the defendant has done that has no correlation. I mean, he may wish he would have done it, and he may have, you know, in his perspective done what he's done, but it's not something that reflects an action already undertaken at the circuit court level, and I think that's a distinction. So, I hope it is. All right, are there any questions here? No, I was just digesting what you were just saying. Okay. Are you changing hats now? I am. Okay. The next, the last case on this afternoon's docket is People of the State of Illinois versus Courtney Spears. This would be very good. This is essentially a straightforward, other crimes type of case. The state had gone for the circuit court in the prosecution of nonvoluntary delivery of a controlled substance case, asking the court to allow the admission of actually numerous prior drug transactions involving this defendant and an informant. After a fairly lengthy argument and a hearing, this court decided to go ahead and allow the state to introduce two prior transactions that occurred the day before the defendant's arrest in this case. The court outlined several propositions why it believed that this was proper. Their accordance with the generally accepted legal principle that while you cannot admit into evidence other crimes committed by a defendant to establish the defendant's propensity to commit a criminal offense, it can be admitted for any other reason, and among those reasons are intent, modus operandi, et cetera. The court's position is that more or less it is showing that the defendant had the intent and it was part of modus operandi. I think that the intent argument is the availing one in this case. If you look at the facts, when the defendant was arrested, and this occurred after several, at least these two drug transactions involving this informant and this defendant, what would happen is the informant would provide the defendant some buy-in control currency given by the police officer. The defendant would then give the informant's quantity of heroin with the understanding that he was going to sell that heroin on his behalf and then return the proceeds back to the defendant. When the defendant was ultimately arrested, there's really two instances of where heroin was recovered from his possession. One was in a hotel room or apartment where he was staying. It wasn't a very large quantity found there, and I think he found a scapegoat. While being transported to the police agency, apparently he must have more on his possession because he found heroin that had been scattered in the backseat of the vehicle. The police had attempted to recover that, but because of the weather conditions and just the nature of recovering drugs, it attempted to be gotten rid of that way. They weren't able to recover a lot. So it was not a matter of small consequence for the state to say that this heroin was being possessed with the intent to deliver because it's not something by its freestanding weight constituted something that you can infer delivery. Finding the scale is something, but certainly the statewide has shown a complete set of facts that show why he had this drug in his possession, which then shows intent. Because that is an element, a key element, an indispensable element of the delivery of intent to deliver, possession of intent to deliver, is the show of intent. I think that that was a proper decision of the court when it considered the proximity of time and the manner in which the drugs were transacted. And I think that this was one of those cases where it was a proper use of other crimes evidence in a limited and carefully considered fashion by the circuit court to allow the state to prove an element of the offense. The jury was given an instruction, and the prosecutor himself admonished the jury in closing argument that you're only to consider these two transactions for the limited purpose of proving the defendant's intent. So, you know, those safeguards are also involved here. That being the case, then, I think that the court's ruling is correct. I cite several decisions in the brief where the courts have upheld the use of prior drug transactions for the purpose of proving intent, because intent is one of those types of circumstances that you are allowed to prove prior criminal offenses. I think if you look at the totality of what those being used for, the careful consideration of the circuit court and the exercise of its discretion, and the admonishment by both the court and by the prosecutor about the limited use of this, that you cannot find what this judgment was in here. Are there any questions from the court? Thank you very much. Thank you, Mr. Daly. That concludes court for today. And we stand recessed.